**Norman DIONNE, Plaintiff**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant**

**No. 01–188–B.**

United States District Court, D. Maine.

Sept. 24, 2002.

Francis Jackson, Jackson & MacNichol, Portland, ME, Daniel W. Emery, Yarmouth, ME, for Norman Dionne, plaintiff.

James M. Moore, U.S. Attorney's Office, Bangor, ME, Maria Mashin, Boston, MA, for Social Security Administration Commissioner, defendant.

## ORDER ACCEPTING THE RECOMMENDED DECISION OF THE MAGISTRATE JUDGE

SINGAL, District Judge.

No Objections having been filed to the Magistrate Judge's Recommended Decision filed September 3, 2002 the Recommended Decision is accepted.

Accordingly, it is *ORDERED* that Plaintiff is awarded a total of $5,469.50 representing (i) 37.7 hours of attorney time for which a total of $5,462.50 was charged, and (ii) $7.00 in costs.

## RECOMMENDED DECISION ON PLAINTIFF'S MOTIONS FOR ATTORNEY FEES

COHEN, United States Magistrate Judge.

The plaintiff has applied for an award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in this action in which, with respect to his Supplemental Security Income ("SSI") and Social Security Disability ("SSD") appeal, he obtained a remand for further proceedings before the Social Security Administration. EAJA Application for Fees and Expenses ("Application") (Docket No. 15); [Supplemental] EAJA Application for Fees and Expenses ("Supplemental Application") (Docket No. 21). The defendant opposes the plaintiff's initial and supplemental fee applications on the grounds that (i) the government's position was substantially justified and (ii) alternatively, the hourly rate sought ($145.00) is too high and certain components of the bill are unreasonable, not properly supported and/or not compensable under the EAJA. *See generally* Opposition to Plaintiff's Application for Fees and Expenses Under the Equal Access to Justice Act ("Opposition") (Docket No. 18); Opposition to Plaintiff's Supplemental Application [for] Award of Fees and Expenses Under the Equal Access to Justice Act ("Supplemental Opposition") (Docket No. 22).

The EAJA provides, in relevant part:

[A] court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). As the First Circuit, in construing this language, has explained:

> The burden is on the government to demonstrate that its position was "substantially justified." Although the language of the statute refers to a "prevailing party," the statute makes clear that courts are to examine both the prelitigation actions or inaction of the agency on which the litigation is based and the litigation position of the United States. . . .
>
> The government need not show that its position was "justified to a high degree"; rather, it must show that its position was "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." The Supreme Court has said this is equivalent to the "reasonable basis both in law and fact" formulation we have used.

*Schock v. United States,* 254 F.3d 1, 5 (1st Cir.2001) (citations omitted).

█ In contending that her position was substantially justified, the commissioner focuses on the plaintiff's asserted fundamental failure to adduce sufficient evidence to prove disability. Opposition at 3–4. However, it is irrelevant for these purposes whether the plaintiff ultimately succeeds or fails in his quest for SSI and SSD payments. The issue actually litigated was whether the commissioner's decisional process was sufficiently flawed that remand for further consideration was warranted. *See, e.g.,* Plaintiff's Itemized Statement of Specific Errors (Docket No. 6); Report and Recommended Decision ("Recommended Decision") (Docket No. 12); Order Accepting the Recommended Decision of the Magistrate Judge (Docket No. 13). I found that it was. *See* Recommended Decision. The commissioner's brief is unenlightening on the question whether her position with respect to this issue was substantially justified; thus, she fails to meet her burden of showing that it was.

█ I turn next to the defendant's argument that, in any event, the plaintiff has failed to justify a fee higher than the $125 EAJA statutory cap. Opposition at 4–8. The EAJA provides, in section 2412(d)(2)(A)(ii), that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." This subsection of the statute was amended in 1996 to increase the indicated dollar limit from $75 to $125. Pub.L. 104–121, § 232(b)(1); 28 U.S.C. § 2412, Historical and Statutory Notes. It also provides that the amount of fees awarded "shall be based upon prevailing market rates for the kind and quality of the services furnished." The plaintiff has submitted satisfactory evidence that the prevailing market rates for services like those provided in this case exceed $125 per hour. Affidavit of Leslie S. Silverstein ("Silverstein Aff.") (Docket No. 17) ¶¶ 3–6. The plaintiff has also submitted consumer price index information for the period since the $125 statutory maximum rate was enacted indicating that the percentage increase since then translates to a fee of $144.38 per hour, which he rounds up to $145. Affidavit [of Francis Jackson] in Support of Application for Attorneys Fees (Docket No. 16) ¶ 8 & Exh. B thereto. Most significantly, the attorney for the plaintiff in this case was awarded fees in the hourly amount of $145 in January of this year by Judge Hornby of this court in a social security case that, from all that appears in the record of both cases, was no more complex or challenging than the instant case. Endorsement dated January 15, 2002 on Motion for EAJA Fees and Expenses (Docket No. 8), *Johnson v. Barnhart,* Docket No. 01–98–P–H. Accordingly, while no special factor in the

case justifies an award at an hourly rate in excess of the statutory cap, an increase in the cost of living does provide such justification. I conclude that an hourly rate of $145 is reasonable.[1]

I turn finally to the defendant's arguments against allowance of certain components of the fees and costs sought, which I address *seriatim:*

■ 1. That a charge of 1.5 hours of attorney time on September 10, 2001 for preparation of a complaint, letter to the clerk, civil cover sheet and summons is excessive inasmuch as the complaint and letter to the clerk are "boilerplate" documents and preparation of the civil cover sheet and summons is a clerical duty for which attorney time should not be charged. Opposition at 4; *see also* Invoice at 1. Counsel for the plaintiff concedes that a charge for one hour of attorney time for the services in question would be more reasonable. *See* Plaintiff's Reply Memorandum Regarding EAJA Fees and Expenses ("Reply") (Docket No. 20) at 10. I agree. Thus, $72.50 of the total $217.50 claimed for these services should be disallowed.

2. That it is unclear whether charges for January 29 and 31, 2002 relate to this case. Opposition at 4; *see also* Invoice at 2. I agree. The charges primarily concern preparation of letters to two high schools, and the plaintiff offers no explanation for them in his Reply. Accordingly, I recommend that the $43.50 billed for these services be disallowed.

■ 3. That time spent by a substitute attorney who handled the hearing because of the plaintiff's counsel's unavailability should be disallowed. Opposition at 4–5. The plaintiff's request includes 6.3 hours for the substitute attorney's time. Invoice at 3. Of this time, one hour fairly can be attributed to the substitute's attendance at oral argument,[2] and 0.3 hours was spent in reviewing the court's decision. *Id.* Thus, the balance of five hours reflects the substitute attorney's preparation for oral argument. While the plaintiff's attorney would have had to spend some time in preparing for oral argument in this case, much of the time devoted to preparation by the second attorney was due solely to the fact that he was new to the case and needed to familiarize himself with facts and arguments already known to the plaintiff's attorney. I conclude that a reasonable time for preparation for oral argument by the plaintiff's attorney of record would have been 1.5 hours, and that 3.5 hours of preparation time, for which a total of $507.50 is sought, therefore is not compensable.[3] This conclusion in no way re-

---

1. The defendant asserts that the plaintiff seeks reimbursement at "varying hourly rates." Opposition at 4. According to my calculations, the fee charged for all entries except one was $145. *See generally* Invoice (attached to Application). For 0.4 hours of services rendered on March 12, 2002 the plaintiff's counsel charged $54, equivalent to a rate of $135 per hour. *Id.* at 3. No rate charged exceeded the rate cap that I have found to be reasonable, $145 per hour.

2. The invoice indicates that the substitute attorney spent 1.9 hours on the day of oral argument attending to "argument, preparation, [and] research." Invoice at 3.

3. The plaintiff's counsel, Francis Jackson, suggests that he should be permitted to recover full charges for substitute counsel's time inasmuch as the court refused to permit a continuance despite his timely notice that the hearing date conflicted with his longstanding vacation plans. Reply at 10. Jackson's notice was not timely. Not only did he wait approximately three weeks after issuance of the hearing schedule to apprise the court of the conflict, *see id.*, but he also informed me that he and his family take the same week of vacation every year. Thus, he could have averted the problem altogether by informing the clerk's office well in advance of the publication of the hearing list of his standing vacation plans and seeking general protection,

flects on the performance of substitute counsel at oral argument, which in fact was commendable.

4. That the invoice contains a charge for time spent on August 16, 2002, then a "future" date. Opposition at 5; Invoice at 3. In his Reply, the plaintiff offers no explanation for this charge, which in any event appears duplicative of charges assessed for August 17, 2001 and August 29, 2001. *Compare* Invoice at 1 *with id.* at 3. Accordingly, I recommend that the charge of $29.00 assessed for time spent on August 16, 2002 be disallowed.

■ 5. That United Parcel Service ("UPS") charges of $21.63 are not allowable inasmuch as the EAJA does not permit recovery of postage costs. Opposition at 8–9. I agree. This court has held that postage may not be taxed as a cost in an EAJA case. *See, e.g., Sierra Club v. Marsh*, 639 F.Supp. 1216, 1225–26 (D.Me. 1986), *aff'd*, 820 F.2d 513 (1st Cir.1987).[4] Moreover, even if such costs were allowable as a general rule, I would recommend that the court exercise its discretion to deny those charges in this case. Jackson blames the charges (incurred for overnight deliveries to Bangor) on a court rule requiring filing in both Bangor and Portland in cases such as this. Reply at 11–12. However, Jackson could have avoided the need for the charges in question by not waiting until the 11th hour to file the documents. I accordingly recommend that the claimed UPS charges of $21.63 be disallowed.

which would have resulted in the scheduling of oral argument on all cases on the list on a different date.

4. There has been no post-*Marsh* amendment to the language of the EAJA or 28 U.S.C. § 1920, which is incorporated by reference in the EAJA, that would call into question the court's ruling concerning recovery of postage

6. That a total of $884.50 sought for 6.1 hours expended in preparing a reply brief in the instant EAJA litigation "is excessive and should be substantially reduced" and that $17.09 in postage expenses requested in connection with this litigation also should be disallowed. Supplemental Opposition; *see also* Supplemental Application. In this circuit, attorney fees incurred in litigating EAJA fee applications are recoverable. *See, e.g., McDonald v. Secretary of Health & Human Servs.*, 884 F.2d 1468, 1480 (1st Cir.1989) ("[W]here the government's underlying position is not substantially justified, plaintiff is entitled under the EAJA to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of his rights, including those related to litigation over fees, and any appeal.") (citation and internal quotation marks omitted). The commissioner's argument against allowance of the full fee is conclusory; she neither explains why in her view 6.1 hours is excessive nor suggests what a reasonable amount of time would have been. However, for the reasons explained above, I recommend that postage expenses of $17.09 be disallowed.

7. That "any attorney time expended in this matter should be weighed under the concepts of reasonableness and an economy of effort." Opposition at 8. Apart from the specific charges discussed above, the defendant identifies no other time as wasteful or otherwise excessive.

For the foregoing reasons, I recommend that the plaintiff be awarded a total of $5,469.50, representing (i) 37.7 hours of attorney time for which a total of $5,462.50 was charged, and (ii) $7.00 in costs.[5]

charges. *Compare Marsh*, 639 F.Supp. at 1225–26 *with* 28 U.S.C. §§ 1920, 2412.

5. I note that this is the third EAJA fee dispute involving the commissioner and Jackson filed in this court since January. The parties are cautioned to refrain from litigating issues already addressed and decided by the court, a practice that imposes an undue burden on the court's scarce resources.

---

## NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

September 3, 2002.